UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 26-3988-DMG (AS)** | Date | July 17, 2026 |
| Title | ***Teodulo de Jesus Hernandez v. Facility Administrator, Adelanto*** | Page | 1 of 2 |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Petitioner(s) | Attorneys Present for Respondent(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER CONSOLIDATING MOTION FOR PRELIMINARY INJUNCTION WITH THE HABEAS PETITION**

Petitioner, an immigration detainee who proceeds *pro se* (*i.e.*, self-represented), filed a petition for writ of habeas corpus under 28 U.S.C § 2241 [Doc. # 1] simultaneously with a request for temporary restraining order ("TRO") [Doc. # 2]. The grounds for relief in the TRO are the same as the habeas petition: Petitioner argues that he was unlawfully detained without a warrant or probable cause to do so and purely on the basis of his race, ethnicity, appearance, and other impermissible factors. The Court converts the request for TRO to a Motion for a Preliminary Injunction ("MPI").

Given that the petition and the MPI raise the same claims and generally seek the same relief,[1] and for purposes of judicial efficiency, the Court intends to consolidate a ruling on the MPI with a ruling on the habeas petition. *See* Fed. R. Civ. P. 65(a)(2); 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."). The Court has already issued an order setting an expedited briefing schedule on the habeas petition.[2] [*See* Doc. # 6 at 5.] The same briefing schedule shall apply to the MPI. Thus, the parties shall comply with the briefing schedule set forth in that Order [Doc. # 6], and no hearing will be held on the MPI unless the parties are notified by the Court.

///

[1] To the extent Petitioner seeks to have the Court prohibit Respondent from removing him from the country during the pendency of the proceedings, the Court declines to do so at this juncture. The Court's general order requires that Respondent give at least two court days' notice to the Petitioner and the Court of its intent to remove the Petitioner from the Central District of California. [Doc. # 6 at 2.]

[2] As such, this Court will rule on the merits of the habeas petition and the MPI in the first instance, unless the parties consent to the Magistrate Judge's jurisdiction. The Magistrate Judge will rule on the Request to Proceed In Forma Pauperis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 26-3988-DMG (AS)** | Date | July 17, 2026 |
| Title | ***Teodulo de Jesus Hernandez v. Facility Administrator, Adelanto*** | Page | 2 of 2 |

A copy of the form for Petitioner to consent to the jurisdiction of a U.S. Magistrate Judge shall also be sent to Petitioner with this Order.

**IT IS SO ORDERED**.

______________________________
*Petitioner*

**CONSENT TO MAGISTRATE JUDGE**

______________________________
*Respondent(s)*

## I. NOTICE OF MAGISTRATE JUDGE'S AVAILABILITY

1. Under the Court's rules, habeas cases are ordinarily assigned to a district judge and referred to a magistrate judge. For any final ruling in the case, the assigned magistrate judge prepares a "Report and Recommendation" for the district judge to review. After reviewing the "Report and Recommendation," the district judge will make a final ruling.
2. A magistrate judge is available under 28 U.S.C. § 636 (c) to conduct all proceedings in this case, including a final ruling on your claims. However, a magistrate judge can handle all matters in the case if all parties voluntarily consent.
3. The Court encourages parties to consent to magistrate judge jurisdiction. Consent allows the case to proceed before a single judicial officer and avoids the delay associated with the preparation and review of a "Report and Recommendation."
4. However, consent is entirely voluntarily and you are free to withhold consent to magistrate judge jurisdiction. There is no penalty for declining consent.
5. If both parties consent to have a magistrate judge decide the case, the Court will determine whether to assign the case to a magistrate judge for all purposes. If the case is so assigned, the case will proceed only before the magistrate judge. Either party may appeal the magistrate judge's rulings directly to the Ninth Circuit Court of Appeals, as if a district judge had decided the matter.
6. If both parties do not consent to have a magistrate judge decide the case, the case will be assigned to a district court judge and referred to a magistrate judge.

## II. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

☐ **I consent and agree the case can be assigned only to a Magistrate Judge**

☐ **I do not consent that the case can be assigned only to a Magistrate Judge**

Executed on: ______________ ________________________________
*Date* *Signature of Petitioner*